76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Denzil W. ROBBINS, Defendant-Appellant.
 No. 94-7115.
(D.C.No. CR.93-43-S)
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.[2]
 
 
 2
 In a 32-page, 14-count indictment filed in the United States District Court for the Eastern District of Oklahoma, Denzil Robbins, the appellant, and a co-defendant, Terry Fischer, who has filed a separate appeal, were charged as follows:
 
 
 3
 Count 1: Robbins and Fischer were charged with devising a scheme and artifice to defraud Victor Federal Savings & Loan Association (Victor Federal), a federally insured financial institution, doing business in Muskogee, Oklahoma, in violation of 18 U.S.C. 1344 and 2;
 
 
 4
 Count 2: Robbins, a shareholder in Victor Federal, was charged with knowingly and willfully making and causing to be made false entries on the books, reports and statements of Victor Federal, in violation of 18 U.S.C. 1006 and 2;
 
 
 5
 Count 3: Robbins, a shareholder in Victor Federal, and Fischer, an officer and director of Victor Federal, were charged with knowingly making false entries in the books and records of Victor Federal in that they failed to record that they had caused Victor Federal to purchase from Twin Cities Savings Bank a mortgage note on the Cloisters for $4,339,332, in violation of 18 U.S.C. 1006 and 2;
 
 
 6
 Count 4: Robbins and Fischer were charged with devising a scheme and artifice to defraud Victor Federal by entering into an arrangement whereby the collateral of co-schemer Shipman's loans from Victor Federal was exchanged for collateral, consisting of a mortgage on 130 acres of undeveloped land near Dallas, Texas, which they knew was worth substantially less than the amount of the loan, in violation of 18 U.S.C. 1344 and 2;
 
 
 7
 Count 5: Robbins, a shareholder in Victor Federal, and Fischer, an officer and director in Victor Federal, were charged with knowingly misapplying $9,200,000 belonging to Victor Federal by causing Victor Federal to lend $9,200,000 to co-schemer George Shipman, secured by real estate which they knew was worth substantially less than the amount of the loan, in violation of 18 U.S.C. 657 and 2;
 
 
 8
 Count 6: Robbins and Fischer were charged with devising a scheme and artifice to defraud by causing Victor Federal to lend a former president of Victor Federal and four other individuals $1,500,000 under described circumstances, in violation of 18 U.S.C. 1344 and 6;
 
 
 9
 Count 7: Robbins, a shareholder in Victor Federal, and Fischer, an officer and director in Victor Federal, were charged with knowingly misapplying the sum of $1,500,000 belonging to Victor Federal by causing loans of $1,500,000 to be made to five individuals associated with Town & Country Bank under described circumstances, which were in violation of 18 U.S.C. 657 and 2;
 
 
 10
 Count 8: Robbins and Fischer were charged with devising a scheme and artifice to defraud Victor Federal by using ABP Properties, Inc. to obtain $7,397,153 in nominee loans from Victor Federal under described circumstances which were in violation of 18 U.S.C. 1344 and 2;
 
 
 11
 Count 9: Robbins, a shareholder in Victor Federal, and Fischer, an officer and director in Victor Federal, were charged with misapplying the sum of $7,397,153 belonging to Victor Federal by causing Victor Federal to make a nominee loan to ABP Properties, Inc. when they knew that Robbins would receive the proceeds of the loan under described circumstances, in violation of 18 U.S.C. 657 and 2;
 
 
 12
 Count 10: Robbins and Fischer were charged with devising a scheme and artifice to defraud Victor Federal by causing a loan in the amount of $250,000 to an individual which was for the benefit of Robbins, in violation of 18 U.S.C. 1344 and 2;
 
 
 13
 Count 11: Robbins, a shareholder in Victor Federal, and Fischer, an officer and director in Victor Federal, were charged with misapplying the sum of $250,000 belonging to Victor Federal by causing Victor Federal to make a loan of $250,000 to an individual they knew could not qualify for the loan and that Robbins would receive the proceeds of such loan, in violation of 18 U.S.C. 657 and 2;
 
 
 14
 Count 12: Fischer was charged with devising a scheme and artifice to defraud whereby the United Monetary group and its officers would obtain favorable consideration on their loan requests under described circumstances, in violation of 18 U.S.C. 1344 and 2;
 
 
 15
 Count 13: Fischer, an officer and director of Victor Federal, was charged with knowingly misapplying funds belonging to Victor Federal by causing Victor Federal to make a loan of $575,000 upon the condition that the borrower would pay a brokerage fee of $125,000 to a personal friend of Fischer, in violation of 18 U.S.C. 657 and 2;
 
 
 16
 Count 14: Robbins and Fischer were charged with conspiring from April 1986 to August 1986 to defraud Victor Federal, in violation of 18 U.S.C. 371 and 2.
 
 
 17
 After a two-week jury trial, Robbins, the appellant, was convicted of all twelve counts wherein he was charged and was later sentenced to a total term of imprisonment for eight years.[3] On appeal, Robbins raises two issues: (1) the evidence was legally insufficient to sustain his conviction on any charge; and (2) the district court erred in not giving the jury a tendered instruction on his theory of the case. We affirm.
 
 
 18
 As stated, Robbins' first ground for reversal is that the evidence is legally insufficient to support his conviction on any of the twelve counts for which the jury convicted him. At the conclusion of the government's case, Robbins moved for judgment of acquittal pursuant to Fed.R.Crim.P. 29 on all counts, which motion was denied. Robbins' renewed motion for acquittal made at the close of all the evidence was also denied.[4] The district court was apparently of the view that there was sufficient evidence to require submission of all twelve counts to the jury, which, as indicated, convicted Robbins on all counts. Our study of the record leads us to conclude that the district court did not err in submitting the case to the jury, and that the evidence supports all of Robbins' convictions.
 
 
 19
 The standard of review for a post-trial challenge to the sufficiency of the evidence to support a criminal conviction was recently set forth in United States v. Dirden, 38 F.3d 1131, 1142 (10th Cir.1994) as follows:
 
 
 20
 In considering a challenge to the sufficiency of the evidence, we review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. We consider both direct and circumstantial evidence, as well as reasonable inferences drawn from that evidence. Furthermore, we accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses (citations omitted).
 
 
 21
 Before considering Robbins' sufficiency of the evidence argument, brief reference to background facts may help. In early 1986, Victor Federal, a federally insured financial institution in Muskogee, Oklahoma, was in serious financial difficulties which did not in any way involve Robbins. Others, who were involved, were convicted on various bank fraud charges. In early 1986, Robbins began to acquire stock in Victor Federal. By early June 1986, Robbins had acquired some 18.6% of Victor Federal's stock for approximately $893,000. He had also acquired options for other stock purchases which could have made him the owner of 51% of Victor Federal's stock. In June 1986, the old officers of Victor Federal were replaced by Robbins' personnel. Specifically, Robbins caused Fischer, his co-defendant at trial, to be installed as president and CEO of Victor Federal on or about June 2, 1986. By August 1986, Fischer was forced to retire as president of Victor Federal by federal regulators. The charges in the instant case are based on transactions occurring between June and August, 1986.
 
 
 22
 Robbins' basic argument on appeal is that since he only had an 18.6% stock ownership in Victor Federal, he could not have been in "control" of Victor Federal. Robbins argues that his lack of control is a complete defense to all charges. We are not persuaded by this argument.
 
 
 23
 It certainly is true that the government's position was that Robbins was, in fact, in "control" of Victor Federal, at least from June to August 1986, and that he and Fischer, who Robbins installed as president and CEO of Victor Federal, had committed various offenses against Victor Federal during the two months Fischer served as president and CEO of Victor Federal. However, it would not appear to us that an essential element of any of the crimes charged was that Robbins was in "control" of Victor Federal.
 
 
 24
 18 U.S.C. 1344 provides that "[w]hoever " knowingly executes ... a scheme or artifice to defraud a financial institution" (emphasis added) shall be fined or imprisoned. So, 1344 is not limited to persons in "control" of the financial institution. "Whoever," to us, means "[w]hoever." For the essential elements of 18 U.S.C. 1344, see United States v. Rackley, 986 F.2d 1357, 1360-61 (10th Cir.1993).
 
 
 25
 18 U.S.C. 1006 (false entries) and 657 (willful misapplication) apply, by their own terms, to "[w]hoever, being an officer, agent or employee of or connected in any capacity with " (emphasis added), inter alia, any association acting under the laws of the United States shall be fined or imprisoned. Clearly, Robbins, a shareholder in Victor Federal, was, at the very least, "connected in any capacity with" Victor Federal. A person may be connected in some capacity with a banking institution and still not be in "control" thereof.[5]
 
 
 26
 We conclude that from a plain reading of the statutes with which we are here involved, i.e. 1344, 1006 and 657, the government did not have to prove as an essential element of its case that Robbins was in "control" of Victor Federal from June to August, 1986. Further, our study of the trial transcript leads us to conclude that under United States v. Dirden, 38 F.3d at 1142, the record does support Robbins' various convictions. In this regard, it should be remembered that not only was Robbins charged with various substantive crimes, but, in each instance, he was also charged under 18 U.S.C. 2 with aiding, abetting, counseling and inducing Fischer to commit offenses against the United States. The evidence, in our view, clearly supports the government's theory of the case that Fischer was acting under Robbins' influence and direction. And, although personal gain is not an essential element of the crimes charged, we do note that many of the transactions engineered by Fischer resulted in either direct or indirect benefit to Robbins.
 
 
 27
 Robbins also argues that the district court erred in refusing to give an instruction to the jury on his theory of the case, namely that since he only owned 18.6% of Victor Federal's stock he could not, as a matter of law, be deemed as being in "control" of Victor Federal, and therefore could not be convicted on any count. As above indicated, we do not believe that an essential element of any of the crimes charged was that Robbins was in "control" of Victor Federal. Such being the case, the district court did not err in refusing to instruct the jury along the line requested by Robbins.
 
 
 28
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation
 
 
 [3]
 Robbins was sentenced to imprisonment for two years on count 1. On counts 2, 3 and 14, Robbins was sentenced to two years on each count, said sentences to run consecutively to each other and consecutively to the sentence imposed on count 1. On each of the remaining eight counts, namely counts 4, 5, 6, 7, 8, 9, 10 and 11, Robbins was sentenced to imprisonment for two years, all to be served concurrently with each other and concurrently with the sentences imposed in counts 1, 2, 3 and 14
 
 
 [4]
 Robbins did not himself testify, though his counsel did call as a defense witness one Donald Booth, an attorney who had previously rendered legal services to Robbins
 
 
 [5]
 The "connected in any capacity with" language appearing in 18 U.S.C. 657 and 1006 should be given a "broad interpretation." See United States v. Davis, 953 F.2d 1482, 1489 (10th Cir.1992). For the essential elements of 657, see id. at 1492-93, and for the essential elements of 1006, see id. at 1495